# SUPREME COURT OF TENNESSEE,

16L 1
4pi 671

### FOR THE

# MIDDLE DIVISION,

NASHVILLE, . . . . . . . . . DECEMBER TERM, 1885.

## TOM OWENS v. THE STATE.

1. BILL OF EXCEPTIONS. *When charge of court not a part of.* The charge of the court, although it appears in the transcript of the record, can not be construed as part of the bill of exceptions, if it is appended after the signature of the judge.

2. CONSPIRACY. *Definition of.* A conspiracy is a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose.

3. SAME. *Acts and declarations of conspirators.* The acts and declarations of one conspirator is evidence against all, after the establishment of the conspiracy.

4. SAME. *Same. Prima facie case. Evidence.* Before the admission of the acts and the declaration of one as evidence against all, a *prima facie* case of conspiracy must be established.

5. SAME. *Evidence. Relevancy of. Discretion of court.* Admission of evidence, the relevancy of which is not apparent at the time, but which the prosecution shows will be rendered so thereafter, is within discretion of the court.

6. SAME. *Time of entering conspiracy. Adoption of acts of co-conspirators.* When one enters into a conspiracy he becomes a party to every act which has been done by the others, or which shall be done by them

Owens *v*. The State.

thereafter, in furtherance of the common design; but the acts and declarations of one can not be admitted against the others, unless the facts and circumstances warrant the conclusion that a conspiracy was existing at the time of such acts or declarations.

7. CHARACTER OF DEFENDANT. *Opinion of witness.* A statement by witness of the State that "defendant would kill a man for a dollar," is simply an opinion, and its admission as evidence improper and illegal.

8. CONSPIRACY. *Acts, etc., after the conspiracy has ended.* When the common design has been consummated, nothing said or done by one can affect the others.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Davidson county. MATT. W. ALLEN, J.

ALLEN G. HALL and E. A. PRICE for Owens.

ATTORNEY-GENERAL LEA for the State.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff in error was convicted in the criminal court of Davidson county of murder in the first degree and sentenced to be hung. A new trial was refused, and he has appealed in error to this court.

His counsel have presented his case in this court with marked force and ability, and in its progress below have taken numerous exceptions to his Honor's ruling. They have also criticised, in this court, the charge of his Honor, but inasmuch as the charge was not made a part of the record by bill of exceptions, we are precluded from considering the objections to it. It is true that what purports to be the charge of the

court appears in the transcript, but it is after the bill of exceptions, which is signed by the court, and nothing therein recited . can be construed as making the charge a part of it.

The theory of the State · is, that defendant below murdered one Meyer Freidman, and that Meyer Muskovitz incited, procured, counseled, hired and commanded him to commit the offense. It is ·so charged, in one count of the indictment, and in another count he is jointly charged with said Muskovitz with the commission of the murder.

Upon the theory that defendant, Owens, was principal, and Muskovitz accessory, before the fact, much evidence of the declarations and acts of the latter was admitted, in the progress of the trial, under the law governing prosecutions for conspiracy to commit crime.

A conspiracy is, in general terms, a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose : 3 Greenl. Ev., sec. 89.

When the. conspiracy is established, the act or declaration of one conspirator in the prosecution of the common enterprise, is ˙considered the act or declaration of all, and is evidence against all. A foundation, however, must or should be laid to establish a *prima facie* case of conspiracy before the admission of evidence of acts or declarations of one as evidence against all : 1 Whar. Am. Crim. Law, sec. 702 ; 1 Greenl. Ev., sec. 111.

But it is within the discretion of the court to permit evidence to be given, the relevancy of which

is not apparent at the time, which the prosecution shows will be rendered so thereafter: 3 Greenl. Ev., sec. 92; 1 Greenl. Ev., sec. 111.

And every one entering into a conspiracy is a party to every act which has before been done by the others, and to every act by the others afterward, in furtherance of the common design: *Ibid.*

From the foregoing authorities it appears that all acts and declarations of conspirators, or of any of them, may be given in evidence against all, from the time the conspiracy had its origin until its design has been consummated, or until it is abandoned. When it was entered into is usually established by circumstantial evidence. But the declarations or acts of one can not be admitted against another, unless the facts and circumstances warrant the conclusion that a conspiracy was existing at the time of such declarations or acts.

On March 25th, preceding the killing on April 12th, Muskovitz applied to Judge Ferris to procure the release of defendant, then confined in the county work-house. He paid and secured the fine and defendant was released. Judge Ferris was examined as a witness in this case, and after stating the release of defendant, and the terms on which he was released, he said, "I asked Muskovitz what he wanted with a man like Tom Owens, and Muskovitz replied, I want him for a purpose. Muskovitz's manner was very eager." Here counsel for defendant interposed objections, which were overruled and exception taken, and witness was permitted to say, "I said, what do you want with a

man like Tom Owens; why, he would kill a man for a dollar?"

The objection does not explicitly state what part of this testimony it was intended to reach. But as it immediately precedes the statement of the witness that "Tom would kill a man for a dollar," and those words were in quotation marks, and the witness, after the objection, was allowed to proceed, we think it reasonably certain, as argued by counsel, that the objection was specially intended to apply to that declaration of the witness. Even if there had been evidence tending to show the existence of a conspiracy at the time of this statement, it was still illegal and improper, being only the opinion of the witness as to the character of defendant, and it ought to have been excluded.

Dr. Rodomsky was allowed to tell of transactions and conversations with Freidman, the deceased, and Muskovitz, in relation to taking out insurance upon the life of the deceased. This transaction occurred some five or six weeks before the killing of deceased, and was objected to by defendant.

At that time it does not appear that there existed any conspiracy to murder deceased. As against Muskovitz it might have been proper evidence, but no fact or circumstance in the record connects defendant or other person with any such conspiracy at that time. It was therefore improperly admitted against defendant.

The testimony of Mr. Stanard details conversation and acts of Muskovitz in the telegraph office, after the

cutting of deceased. He states that Muskovitz had a letter from Cairo, which he read, and the contents of which he stated, and he and Muskovitz talked about it, but it had no signature, and made inquiry of "our friend's" condition.

It does appear that defendant was in Cairo about that time, but there is no evidence of his hand-writing nor that he wrote the letter. It would not have been competent to introduce the letter as the letter of defendant, on the trial, if it had been present, nor was it competent to prove its contents and Muskovitz's declarations as evidence against defendant. The common design had been consummated, and nothing said or done afterward by one can affect the other: 1 Whar. Crim. Law, sec. 702; 1 Greenl. Ev., sec. 11.

The whole of this witness' testimony is about that letter and Muskovitz's acts and declarations, and was objected to, and the objection overruled and his statements admitted. This was error.

For the errors indicated the judgment must be reversed and a new trial awarded.