**Eddie Lee RANDOLPH, Jr., Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

March 9, 1978.

Certiorari Denied by Supreme Court
Sept. 18, 1978.

Edward G. Thompson, Public Defender, A. Kemp Stallings and Ural B. Adams, Jr., Asst. Public Defenders, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Tucker, Asst. Atty. Gen., Nashville, Alan E. Glenn and Kenneth R. Roach, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

The appellant, Eddie Lee Randolph, Jr., was convicted of assault and battery upon a female over 12 years of age with intent to rape, and his punishment was fixed at not less than three years nor more than seven years in the State Penitentiary. He was also convicted of an attempt to commit a felony (crime against nature), for which his punishment was fixed at not less than one nor more than three years in the State Penitentiary. The Trial Judge ordered the penitentiary sentences to run concurrently.

The appellant assigns error testing the sufficiency of the evidence and complaining of the admission of certain evidence. The assignments are without merit.

We will summarize the facts established by the accredited evidence. Shortly before dark on 19 May 1976, the 22-year old victim and a 14-year old companion, named Armenta, were on an errand near their home in Memphis. A van driven by the appellant drove past the two girls, then backed up and stopped. DeAutrey Brown, a companion of the appellant, opened the door of the van, stood up, and pulled the two girls into the van. Although the girls resisted and protested, the appellant drove them to McKellar Park and stopped the van.

After waiting until darkness, the appellant drug and pulled the victim toward McKellar Lake. He lowered her pants and panties and attempted to insert his penis into her vagina, but was unsuccessful because of her resistance. He then made an attempt to force the victim to perform an oral sex act, but failed in this endeavor because the victim bit his penis when he placed it in her mouth. The victim was then able to break away from the appellant and she ran to the van since her companion, Armenta, was there.

When the victim reached the van, Brown grabbed her by the arm. She saw a group of men in the area, broke loose from Brown, and ran to the men. The unknown men effected a rescue and recovered five dollars ($5.00) which the appellant had taken from the victim. They forced the appellant and Brown to lie down while the girls escaped and advised the girls to call a cab. They did not detain the appellant or Brown.

When the girls were approaching their residence in the taxicab, they observed the appellant's van parked outside of a lounge near their residence. The girls obtained assistance from their parents and police, then went to the nightclub, where the appellant was identified and arrested.

Evidence was admitted to prove that while the appellant and the victim were away from the van, the appellant's companion, Brown, raped the victim's companion, Armenta. The appellant did not testify and offered no evidence.

■ Under his assignment attacking the sufficiency of the evidence, the appellant argues that the State failed to prove that he had criminal intent to commit either crime for which he was convicted. The element of intent may be proved by circumstantial evidence. In fact, instances are rare indeed when intent can be proved by direct evidence; it must nearly always be shown by circumstantial evidence. *State v. Scates*, 524 S.W.2d 929 (Tenn. 1975); *Hall v. State*, 490 S.W.2d 495 (Tenn. 1973). The record contains much evidence of the use of force not detailed in the above summary of facts. The appellant has failed to establish that the evidence preponderates against the jury verdicts with respect to any necessary element of either offense. We must overrule this assignment. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

The appellant assigns further error:

"The Court erred in allowing in unrelated evidence of the activities of another man in the van, out of the presence of the victim and the appellant, because there was no evidence that these two men were aiders and abettors, or conspirators, as to a specific criminal intent, once the two men became separated."

The Trial Court permitted the victim's companion, Armenta, to give testimony describing the events when she was raped by Brown, while the appellant and the victim were away from the van. The Trial Judge stated that this evidence was admissible because the State had established a conspiracy between Brown and the appellant.

■ Evidence of any act or declaration of a conspirator during the conspiracy, and in furtherance of it, is admissible as substantive evidence against any coconspirator on trial for the commission of the target crime. The act or declaration of one conspirator, or accomplice, in the prosecution of the criminal enterprise, is considered the act of all, and is evidence against all. Each conspirator and accomplice is deemed to assent to what is done by any other in furtherance of the common object. To prove a conspiracy, it is not necessary that the State show a formal agreement between the parties to do the unlawful act, but a mutual implied understanding is sufficient, although not manifested by any formal words, or by a written agreement. The unlawful confederation may be established by circumstantial evidence and the conduct of the parties in the execution of the criminal enterprise. Conspiracy implies concert of design and not participation in every detail of execution. *See, Solomon v. State*, 168 Tenn. 180, 76 S.W.2d 331 (1934); *Owens v. State*, 84 Tenn. 1 (1885); *Strady v. State*, 45 Tenn. 300 (1868); 3 Wharton's Criminal Evidence, § 642 (13 Ed. 1973).

■ We think that the evidence was sufficient to support a finding that the appellant and DeAutrey Brown conspired to abduct the victim and her companion, remove them to a secluded area, and sexually attack them. They were aiding and abetting each other in the endeavor.

■ The evidence was admissible for yet another reason. The activities of Brown constituted part of the res gestae. In *Ellison v. State*, 549 S.W.2d 691, 696 (Tenn.Cr. App.1976), this court quoted, with approval, from Underhill Criminal Evidence, § 191 (4th Ed. 1956):

"Res gestae is from the Latin meaning 'things done', and includes the circumstances, facts and declarations incidental to the main fact or transaction, necessary to illustrate its character, and also includes acts, words and declarations which are so closely connected therewith as to constitute a part of the transaction. The expression, res gestae, as applied to a crime, means the complete criminal transaction from its beginning or starting point in the act of the accused until the end is reached. What in any case constitutes the res gestae of a crime depends wholly upon the character of the crime and the circumstances of the case.

The rule of res gestae under which it is said that all facts which are a part of the res gestae are admissible, is a rule determining the relevancy and not the character or probative force of the evidence. If the court determines that the fact offered is a part of the res gestae, that fact

is then relevant. Relevancy is always a judicial question to be determined according to the issue which is to be tried. Taking the main facts which are embraced in the commission of any crime and which are essential to be proved, it will be found, in most instances, that they are connected with others which are not essential to be proved, but which tend more or less to prove those facts which are to be proved. Every occurrence which is the result of human agency is more or less implicated or involved in other occurrences. One event is the cause or result of another, or two or more events or incidents may be collaterally connected or related. Circumstances constituting a criminal transaction which is being investigated by the jury, and which are so interwoven with others, and with the principal facts which are at issue that the[y] can not be very well separated from the principal facts at issue without depriving the jury of proof which is necessary for them to have in order to reach a direct conclusion on the evidence, may be regarded as res gestae. . . ."

It has been said that in substance, "res gestae" may be capsuled as to what is relevant. There is no certain formula to measure what is res gestae, but it depends upon the facts and circumstances and in the final analysis, addresses itself to the discretion of the Trial Court. When doubtful, it is a question for the jury. The authorities agree that each case must be decided on its own facts. *Ellison v. State, supra.*

We think that under the facts of this case, the conduct of the appellant and Brown was a part of the same transaction, and Brown's conduct was interwoven with the appellant's conduct to the extent that it could not be separated without depriving the jury of proof necessary for them to have in order to reach a direct conclusion on the evidence. To exclude evidence of what Brown and Armenta were doing while the appellant was assaulting the victim, would leave the jury with only a fragmental account of the episode; the jury would not have the "full story." The Trial Judge was correct in admitting this evidence.

Finding no error, we affirm the judgment of the Criminal Court.

SAM LEWIS, Special Judge, and DUNCAN, J., concur.