**STATE of Tennessee, Appellant,**

v.

**Sheila STAMPER, Appellee.**

Supreme Court of Tennessee,
at Knoxville.

Oct. 4, 1993.

Charles W. Burson, Atty. Gen. and Reporter, Jeannie Kaess, Asst. Atty. Gen., Nashville, H. Greeley Wells, Asst. Dist. Atty., Blountville, for appellant.

Gale K. Flanary, Asst. Public Defender, Blountville, for appellee.

## OPINION

DAUGHTREY, Justice.

The dispositive issue in this criminal appeal concerns the proper standard of proof for the admission of a co-conspirator's statement under Tennessee Rule of Evidence 803(1.2)(E).

The defendant, Sheila Stamper, was convicted of delivering a controlled substance, cocaine, and of conspiring to sell that controlled substance. The Court of Criminal Appeals, however, reversed both convictions. It first overturned the conspiracy conviction on the basis of insufficient evidence and, finding that a conspiracy had not been proven beyond a reasonable doubt, then concluded that the statements of the defendant's alleged co-conspirator should have been excluded as hearsay with respect to the delivery count. Thus, the Court of Criminal Appeals used the reasonable doubt standard in determining whether there was sufficient evidence of a conspiracy to admit the statements of a co-conspirator.

The state contends on appeal that the Court of Criminal Appeals applied the wrong standard of proof to preliminary facts required for the admission of co-conspirator statements, and we agree. Because we conclude that statements of a co-conspirator need only be shown by a preponderance of the evidence in order to be admissible and, further, that the state met the requisite standard of proof in this case, we reverse the decision of the court below and remand for further consideration in light of our opinion.

The evidence at trial indicated that Lee Porter, an undercover agent for the Tennessee Bureau of Investigation, arranged to meet Brenda Bryant for the purpose of buying cocaine. When Porter met Bryant at a third person's apartment, Bryant requested that Porter "front" her money for the cocaine, but Porter refused to risk his money. Bryant then insisted that she would have to telephone "Sheila," her "supplier," to arrange an immediate delivery of the drugs. According to Porter, Bryant then went inside the apartment for a few minutes. When she came back outside, she instructed Porter to follow her to a parking lot. Leaving Porter in one part of the parking lot, she drove to another section of the lot, where she met the defendant. Two other officers saw the defendant get out of her car, get into Bryant's car, and hand Bryant a rolled brown piece of paper. The defendant got out of Bryant's car and drove away. Bryant then returned

to Agent Porter's car and sold him one ounce of cocaine for $1800.00. She told Porter that she was going to give "Sheila" a percentage of the money he had paid her. On the basis of this evidence, the jury convicted Stamper both of delivery and of conspiracy to sell cocaine.

At trial, the state first presented the testimony of Agent Porter to establish preliminary evidence of a drug conspiracy. Because of the defendant's hearsay objection, the trial court disallowed co-conspirator admissions until the state had shown that a conspiracy existed. After Porter and others presented independent evidence indicating the defendant's involvement in a conspiracy, the trial court admitted Bryant's statements under the co-conspirator exception to the hearsay rule, T.R.E. 803(1.2)(E).

Finding the evidence insufficient to sustain a conspiracy conviction beyond a reasonable doubt, the Court of Criminal Appeals not only reversed that conviction, but also concluded that Bryant's statements should have been excluded because of insufficient proof of a conspiracy. The court's reasoning, however, necessarily assumes that the standard of proof necessary to show the existence of a conspiracy for the purpose of admitting co-conspirator statements is proof beyond a reasonable doubt. We disagree with this interpretation of the evidentiary rule.

Tennessee Rule of Evidence 803(1.2)(E) exempts from the hearsay rule any "statement by a co-conspirator of a party during the course of and in furtherance of the conspiracy." The rule does not, however, specify the standard of proof required to show the prerequisite conspiracy, and there is no Tennessee case law specifically addressing this issue. However, because Rule 803(1.2)(E) tracks its federal counterpart, F.R.E. 801(d)(2)(E), it is obviously helpful to examine federal case law on the subject.

In reviewing this same issue, the United States Supreme Court has held that in order to admit the statements of a co-conspirator, a conspiracy must be shown by a preponderance of the evidence. In *Bourjaily v. United States*, the Supreme Court held that:

> Evidence is placed before the jury when it satisfies the technical requirements of the evidentiary Rules, which embody certain legal and policy determinations. The inquiry made by a court concerned with these matters is not whether the proponent of the evidence wins or loses his case on the merits, but whether the evidentiary Rules have been satisfied. Thus, the evidentiary standard is unrelated to the burden of proof on the substantive issues, be it a criminal case, see *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), or a civil case. (Citation omitted). The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.... Therefore, we hold that when the preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence.

*Bourjaily v. United States*, 483 U.S. 171, 175–76, 107 S.Ct. 2775, 2778–79, 97 L.Ed.2d 144 (1987) (citation omitted).

In reaching this conclusion, the Supreme Court analogized the admissibility question at issue to evidentiary standards required in similar situations. In *United States v. Matlock*, 415 U.S. 164, 178 n. 14, 94 S.Ct. 988, 996 n. 14, 39 L.Ed.2d 242 (1974), for example, the Court held that "the controlling burden of proof at suppression hearings should impose no greater burden than proof by a preponderance of the evidence." The *Matlock* case involved the admission of evidence found during a police search, and the state was preliminarily required to prove voluntary consent to the search. Furthermore, in *Nix v. Williams*, 467 U.S. 431, 444, 104 S.Ct. 2501, 2509, 81 L.Ed.2d 377 (1984), the Court held that when the government seeks to use the "independent source" doctrine to permit the introduction of evidence discovered in violation of the Constitution, the prosecutor must prove *by a preponderance of the evidence* that the evidence would have lawfully been discovered. Finally, in *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), the Court held that at a suppression hearing, the state must prove the voluntariness of a confession by a preponderance of the evidence. Significantly, Tennessee also applies this standard for the determination of voluntariness as a prerequisite to the admission of

a confession. *See Monts v. State*, 218 Tenn. 31, 56, 400 S.W.2d 722, 733 (Tenn.1966).

■ These cases indicate that the appropriate standard of proof for preliminary facts required for the admission of evidence is proof by a preponderance of the evidence. We are satisfied that the preponderance standard is sufficient to satisfy the reliability concern that underlies the hearsay rule and has shaped the exceptions to it, including the exception for co-conspirators' statements.*

■ In this case, the trial court properly found that sufficient evidence of a conspiracy existed to permit Bryant's statements under T.R.E. 803(1.2)(E). After Agent Porter had made his intention to buy cocaine clear, Bryant stated that she did not have the cocaine with her, but instead directed Porter to a parking lot. Two officers saw the defendant get into Bryant's car, hand her a package, and get out of the car. Bryant then sold Porter $1800.00 worth of cocaine. We conclude that this evidence establishes by a preponderance of the evidence the existence of a conspiracy. Thus, the decision of the Court of Criminal Appeals to exclude the co-conspirator statements in this case was erroneous and must be reversed.

In light of the determination by the Court of Criminal Appeals that the admission of Bryant's co-conspirator statements could not be harmless error, it is unclear what the court would have decided if it had properly included Bryant's statements in its consideration of the sufficiency of the evidence. Given our decision that Bryant's statements were admissible under T.R.E. 803(1.2)(E), we conclude that the appropriate remedy is to remand this case to the Court of Criminal Appeals for reconsideration on both counts of the indictment.

Reversed and remanded with instructions.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.

---

* For a full discussion of the various rationales for allowing introduction of such statements, see Levie, *Hearsay and Conspiracy: A Re-examina-* *tion of the Co–Conspirators' Exception to the Hearsay Rule*, 52 Mich.L.Rev. 1159 (1954).