IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

NOVEMBER 1994 SESSION

FILED

June 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 02C01-9405-CC-00100 |
| | ) | |
| | ) | Weakley County |
| v. | ) | |
| | ) | Honorable David G. Hayes, Judge |
| | ) | |
| JOSEPH T. ALLEY, | ) | (Sale of Cocaine) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Joseph P. Atnip
District Public Defender
P.O. Box 734
Dresden, TN 38225
  (AT TRIAL AND ON APPEAL)

Bill R. Barron
124 East Court Square
Trenton, TN 38382
  (ON APPEAL)

For the Appellee:

Charles W. Burson
Attorney General of Tennessee
          and
Rebecca L. Gundt
Assistant Attorney General of
 Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Thomas A. Thomas
District Attorney General
          and
James T. Cannon
Assistant District Attorney General
414 S. Fourth
P.O. Box 218
Union City, TN 38161-0218

OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

The defendant, Joseph T. Alley, appeals as of right from his conviction by a jury in the Weakley County Circuit Court for the sale of less than one-half gram of cocaine, a Class C felony. He received a four-year sentence in the Department of Correction as a Range I, standard offender and a fifteen thousand dollar fine. The defendant contends that (1) the evidence was insufficient to support his conviction and (2) the trial court erred in admitting hearsay into evidence.

The events in question occurred on the afternoon of April 1, 1993. Ms. Charlotte Edwards, an undercover drug buyer for the Twenty-Seventh Judicial District Drug Task Force, testified that she called the defendant and arranged to buy crack cocaine from him and James Bondurant. Ms. Edwards then met with Martin Police Officers David Moore and Mike Shannon, who provided her with marked bills to make the purchase and a transmitting device in order for them to monitor the transaction. After locating the defendant and Bondurant, Ms. Edwards parked beside the defendant's automobile. Bondurant got into Ms. Edwards' automobile and sold her one rock of crack cocaine for fifty dollars.

When Ms. Edwards expressed an interest in purchasing additional rocks, Bondurant left her automobile and talked to the defendant. Ms. Edwards testified that she saw the defendant reach inside his jacket and pour the rocks into his hand. Bondurant reached inside the automobile, picked up the rocks, and returned to Ms. Edwards' automobile. Ms. Edwards gave Bondurant eighty dollars for the two rocks and asked for her ten dollars in change that he owed her from the first sale. Bondurant did not have the ten dollars, but obtained it from the defendant.

The defendant testified that he parked his automobile next to Ms. Edwards and Bondurant got into her automobile. However, he denied having any involvement in a transaction between Bondurant and Ms. Edwards. The defendant also denied having a friendship with Ms. Edwards or receiving telephone calls from her.

In the defendant's first issue, he asserts that the evidence was insufficient to support his conviction. He contends that had the hearsay statements by Bondurant been excluded, there would not have been sufficient evidence to link him to the crime. His argument is untenable. Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This standard contemplates consideration of all of the evidence submitted at trial and we may not limit the analysis to only the evidence that is determined upon review to be admissible. <u>See</u> <u>State v. Longstreet</u>, 619 S.W.2d 97, 100-01 (Tenn. 1981). Under this review, the evidence amply supports the defendant's conviction.

The defendant next contends that the trial court erred in allowing Ms. Edwards to testify about her conversation with Bondurant and in admitting the tape recording of the conversation. First, he asserts that this evidence constituted inadmissible hearsay. We disagree. Under Rule 803(1.2)(E), Tenn. R. Evid., a statement that is hearsay is allowed against a party when made "by a co-conspirator of a party during the course of and in furtherance of the conspiracy." A conspiracy is defined as a combination between two or more persons to do a criminal or unlawful act or a lawful act by criminal or unlawful means. <u>State v. Lequire</u>, 634 S.W.2d 608, 612 (Tenn. Crim. App. 1981). If a conspiracy is shown to exist, the co-conspirator's

3

statement is admissible even though no conspiracy has been formally charged. Id. at 612 n.1.

For admissibility purposes, the standard of proof required to show the existence of the prerequisite conspiracy is proof by a preponderance of the evidence. State v. Stamper, 863 S.W.2d 404, 406 (Tenn. 1993). The state only has to show an implied understanding between the parties, not formal words or a written agreement, in order to prove a conspiracy. State v. Gaylor, 862 S.W.2d 546, 553 (Tenn. Crim. App. 1992). "The unlawful confederation may be established by circumstantial evidence and the conduct of the parties in the execution of the criminal enterprises." Id.; Randolph v. State, 570 S.W.2d 869, 871 (Tenn. Crim. App. 1978).

The trial court in the present case determined that a conspiracy existed between the defendant and Bondurant before allowing any hearsay evidence to be presented to the jury. The court based its finding upon the conduct of the defendant in that he arrived in the same automobile as Bondurant, was present during the transaction, provided the drugs, and exchanged money with Ms. Edwards and Bondurant. We believe that this constitutes adequate proof for the trial court to find by a preponderance of the evidence that a conspiracy existed between the defendant and the declarant. Thus, the evidence was admissible under Rule 803 (1.2)(E).

Second, the defendant asserts that his right to confront witnesses under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Tennessee Constitution was violated because Bondurant did not testify and was not shown to be unavailable. He relies upon State v. Henderson, 554 S.W.2d 117 (Tenn. 1977), in which our supreme court dealt with the admission into evidence of toxicology laboratory test reports through a witness other than the tester in order to prove the identity of drugs in a drug prosecution. After adopting verbatim a substantial portion of

4

this court's analysis in its opinion, the court held "that in the face of an objection by the person charged, the State can not prove an essential element of a criminal offense by test results introduced through a witness other than the one who conducted the tests." Id. at 122.

In discussing the issue in Henderson, the supreme court noted that although the hearsay rule and the right to confront witnesses protect similar values, they are not wholly congruent in terms of all exceptions to the rule against hearsay satisfying the Confrontation Clause. It stated that three criteria must be met in order to satisfy federal constitutional confrontation rights:

> (1) the evidence must not be crucial or devastating,
>
> (2) the witness whose statement is to be offered must be shown to be unavailable after the state's good faith effort to secure the witness' presence, and
>
> (3) the evidence offered under a hearsay exception must bear its own indicia of reliability. Id. at 119-20.

In State v. Armes, 607 S.W.2d 234 (Tenn. 1980), a check forgery case, a witness testified from memory about the fact that a then missing witness had testified at the preliminary hearing that the defendant had given the missing witness checks to cash and had received money from the proceeds. In determining whether or not the defendant's confrontation rights had been violated, the supreme court confirmed the "tripartite test" adopted in Henderson, construing such case to provide the criteria for both the federal and state constitutional confrontational interests. Id. at 237. The court concluded that none of the criteria had been met and reversed the conviction.

The defendant claims that the Henderson criteria have not been met in this case. In this respect, we note that the record reflects that the state notified the defendant that Bondurant was in jail and could be called for cross-examination at the defendant's request. Thus, Bondurant's testimony was not shown to be unavailable.

5

The specific question presented by the defendant is whether or not <u>Henderson</u>'s tripartite test applies to out-of-court statements by a co-conspirator made during the course of and in furtherance of the conspiracy. We believe that it does not.

Historically, the Confrontation Clause has not barred the admission into evidence of a statement that "falls within a firmly rooted hearsay exception." <u>Ohio v. Roberts</u>, 448 U.S. 56, 66, 100 S. Ct. 2531, 2538 (1980). These types of exceptions are considered to be so inherently reliable that an independent inquiry into reliability, as provided in <u>Henderson</u>, is unnecessary. <u>See</u> <u>Roberts</u>, 448 U.S. at 66, 100 S. Ct. at 2538-39. Such is the case for co-conspirator statements.

In <u>United States v. Inadi</u>, 475 U.S. 387, 106 S. Ct. 1121 (1986), the Supreme Court held that the Confrontation Clause did not require a showing of unavailability as a condition to admission of a nontestifying co-conspirator's out-of-court statement that otherwise satisfied the requirements of the Federal Rules of Evidence. In <u>Bourjaily v. United States</u>, 483 U.S. 171, 183, 107 S. Ct. 2775, 2782 (1987), the Court held "that the co-conspirator exception to the hearsay rule is firmly enough rooted in our jurisprudence that . . . a court need not independently inquire into the reliability of such statements." Thus, under the Sixth Amendment, no separate inquiry into reliability need be made for co-conspirator statements.

Tennessee jurisprudence reflects a similar view. The use of co-conspirator statements is firmly rooted as an exception to the hearsay rule of exclusion. <u>See</u>, <u>e.g.</u>, <u>Strady v. State</u>, 45 Tenn. (Cold.) 300, 309 (1868); <u>Owens v. State</u>, 84 Tenn. (Lea) 1 (1885); <u>Snowden v. State</u>, 66 Tenn. (Baxt) 482 (1874); <u>Sweat v. Rogers</u>, 53 Tenn. (Heisk.) 117, 120 (1871); <u>see</u> <u>also</u> Tenn. R. Evid. 803(1.2)(E), Advisory Commission Comments (provision for co-conspirator hearsay exception embodies Tennessee

6

common law).  It is significant, as well, that our rules of evidence do not condition admissibility of co-conspirator statements upon the unavailability of the declarant. Compare Tenn. R. Evid. 803(1.2)(E) and 804.  Most importantly, though, our supreme court continues to allow the admission of co-conspirator statements in criminal cases, viewing sufficient reliability to exist when a preponderance of the evidence shows that the conspiracy exists and that the statement was made by a co-conspirator during the course of and in furtherance of that conspiracy.  See State v. Walker, 910 S.W.2d 381, 385-86 (Tenn. 1995), cert. denied, 117 S. Ct. 88 (1996); State v. Hutchison, 898 S.W.2d 161 (Tenn. 1994), cert. denied, 116 S. Ct. 137 (1995); State v. Stamper, 863 S.W.2d at 406.  None of these cases indicate that witness unavailability or separate reliability inquiries are needed.

In sum, we believe that the Henderson requirements were not meant to apply, nor do they now, to those hearsay exceptions that are deeply rooted in our legal history as being inherently reliable.  Under these circumstances, the admission of Bondurant's co-conspirator statements did not violate the defendant's right to confrontation under the Sixth Amendment to the United States Constitution or Article I, Section 9 of the Tennessee Constitution.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Paul G. Summers, Judge

7