IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

FEBRUARY 1997 SESSION

FILED

December 11, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,  )
                     )
        Appellee,    )        No. 03C01-9608-CC-00310
                     )
                     )        Bledsoe County
v.                   )
                     )        Honorable J. Curtis Smith, Judge
                     )
TRACEY PENDERGRASS,  )        (Aggravated child abuse)
                     )
        Appellant.   )


## CONCURRING OPINION


I concur in the results reached by the majority opinion. However, I question whether the record before us justifies admitting either the victim's statement to the flight nurse as one made for the purposes of medical diagnosis and treatment or the victim's statement in the Chattanooga hospital as an excited utterance.

When the state seeks to submit a statement by a nontestifying witness into evidence in a criminal case, it has the burden to prove the predicate facts by a preponderance of the evidence that show that the statement is sufficiently reliable to allow its consideration as evidence without the benefit of cross-examination of the witness. See, e.g., State v. Stamper, 863 S.W.2d 404, 406 (Tenn. 1993). This is true from a constitutional right to confrontation standpoint, as well. See Bourjaily v. United States, 483 U.S. 171, 175-76, 107 S. Ct. 2775, 2778 (1987). Without such proof by a preponderance of the evidence, the statement is inadmissible as hearsay and violative of the defendant's right to confront the witnesses against her.

The basic theory behind admission of a statement made for the purpose of medical diagnosis and treatment is that the "declarant's motive of obtaining improved health increases the statement's reliability and trustworthiness." State v. Barone, 852 S.W.2d 216, 220 (Tenn. 1993). This means that the state was obligated in the present case to prove by a preponderance of the evidence that the three-year-old victim made the statement to the flight nurse for the purpose of medical diagnosis and treatment.

However, I find nothing in the record to indicate that the victim possessed an awareness or comprehension level that would indicate in any fashion that his statement was given for the purpose of aiding in his ultimate diagnosis and treatment. In this respect, I do not believe that the necessary motive of the victim can be determined to exist simply because a motive to falsify has not been shown. If it were, then the burden would actually shift to the defendant to prove unreliability, because, in effect, the state would only have to prove that the victim made the statement to medical personnel and then we would presume it being for a medical purpose if no ill-motive were shown. In my opinion, absent an affirmative showing that the victim's statement was motivated by his wanting medical help, it was not sufficiently reliable to be constitutionally admissible.

Similarly, with the statement in the Chattanooga hospital room, I do not believe that the record suffices to justify the statement being admitted as an excited utterance. The victim's grandmother testified that the victim was asleep when she first arrived at the Chattanooga hospital. The victim had been given morphine to cope with pain. His grandmother testified that she and the family "roused" him and that after he was moved to his room, the victim was talking to them. It was then that he was asked how he got into the bath tub and he replied, "Mommy put me in the water." There is almost nothing in the record to show that the victim was "under the stress of excitement" that would reflect his reply to his father's question to be an excited

utterance.  See Tenn. R. Evid. 803(2).  In fact, I believe that the evidence in the record preponderates against such a determination.

However, the problem with the defendant's position in this appeal is that she relies upon a record that is less than complete concerning the foregoing issues. This case involves a retrial after the first trial ended in a mistrial.  At the first trial, the trial court admitted the statements in question into evidence after hearing testimony from various witnesses, including the flight nurse and the victim's grandmother.

At the beginning of the retrial, the parties discussed the issue of the statements' admissibility and the trial court stated that it was incorporating its ruling from the last trial.  When the witnesses testified during the trial about the victim's statements, no further objection was made.  As a practical measure, this means that the issue of admissibility was determined upon the foundation evidence presented at the first trial, not the retrial.  However, we have before us only the evidence in the second trial.

I note that the record before us contains the trial court's specific rulings made in the first trial.  However, the record does not include the testimony upon which those rulings were based.  Under these circumstances, I cannot fault the prosecution for any shortcoming in its proof of the predicate facts that would normally be needed to allow for admission of the statements into evidence.  Therefore, I concur in the results of the majority opinion.

_____
Joseph M. Tipton, Judge