IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 2002

## STATE OF TENNESSEE v. ANTHONY R. PARHAM

**Direct Appeal from the Criminal Court for Davidson County
No. 91-S-612    J. Randall Wyatt, Jr., Judge**

_____

### No. M2002-00007-CCA-R3-CD - November 20, 2002

_____

A Davidson County jury convicted the defendant, Anthony R. Parham, of sexual battery. In this appeal as of right, the defendant raises the issue of whether the evidence was sufficient to support the conviction for sexual battery. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ROBERT W. WEDEMEYER, J., joined.

Cynthia M. Fort (on appeal) and Monte D. Watkins (at trial), Nashville, Tennessee, for the appellant, Anthony R. Parham.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Katrin Novak Miller and Christopher R. Buford, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

In 1988, the defendant moved into a house next to the victim, Mai Perkins. The defendant and Perkins began dating, and the relationship continued for two or three months. After the relationship ended, Perkins began dating Melvin Hannah; however, Perkins testified the defendant wanted to reconcile.

Perkins testified that on November 11, 1988, the defendant parked his car in her driveway. After Perkins requested the defendant move his car, he stated he would do so; however, he did not comply with her request. Hannah arrived, and when Perkins informed him of the situation, he testified that he went to the defendant's house and asked him to move the car. The defendant complied with Hannah's request.

The next day, November 12, 1988, Perkins returned to her home from work and fell asleep on her couch. She awoke to the defendant's knocking on her door. Perkins testified she allowed the defendant to enter her house when he stated that he wanted to apologize for parking in her driveway. Perkins testified the defendant then attempted to place his hands on her breasts and vagina. When she told him to leave her alone, he laughed.

Perkins testified the defendant pushed her onto the couch and "jabbed" his fingers into her vagina. She stated she unsuccessfully attempted to fight him, but the defendant was "thrusting [his fingers] hard." Perkins then hit the defendant over the head with an ash tray; however, the defendant did not stop. The defendant grabbed her arm and put it around her head. Perkins unsuccessfully attempted to choke the defendant with the cord to her curling iron. The defendant continued to laugh throughout the incident.

After the defendant left her house, Perkins called Hannah, who took her to the emergency room. While at the emergency room, Perkins was examined by Dr. Cornelia Graves. Dr. Graves performed a pelvic examination on Perkins, which revealed blood in her vagina. Dr. Graves testified her findings were consistent with those of a victim of a sexual assault.

The defendant, who testified at trial, denied committing the offense. The defendant testified he did not see Perkins on November 12th; rather, he was with his nephew.

The defendant was charged with aggravated rape shortly after the incident. In May 1991, on the day set for his trial, the defendant, who had posted bail, failed to appear in court. The defendant was found in Florida in 2001 and was extradited back to Davidson County to stand trial. The jury found him guilty of sexual battery, a lesser-included offense. The trial court sentenced the defendant to two years.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence was insufficient to support a conviction for sexual battery. We disagree.

On appeal, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). Accordingly, we will not reweigh the evidence, but instead we will presume that the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). We must consider all evidence submitted at trial, and we may not limit the analysis to only the evidence that is determined upon review to be admissible. State v. Longstreet, 619 S.W.2d 97, 100-01 (Tenn. 1981); State v. Alley, 968 S.W.2d 314, 316 (Tenn. Crim. App. 1997).

As defined in 1988, "sexual battery" is "unlawful sexual contact with a victim by a defendant or unlawful sexual contact with a defendant by a victim accompanied by any of the circumstances listed in § 39-2-604(a)." Tenn. Code Ann. § 39-2-607(a) (Supp. 1988) (repealed 1989). These circumstances include the use of force or coercion to accomplish the act. *Id.* § 604(a)(1) (repealed 1989). "Force" is "compulsion by the use of physical power or violence. . . ." *Id.* § 602(3) (repealed 1989). "Sexual contact" is defined as "the intentional touching of the victim's or defendant's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or defendant's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." *Id.* § 602(10) (repealed 1989).

We view the evidence in a light most favorable to the state. The victim testified that the defendant entered her house, pushed her onto the couch, and penetrated her vagina with his fingers. The victim said she attempted to fight him off; however, the defendant continued to "jab" his fingers into her vagina. The victim further testified she was in pain and experienced some bleeding. We conclude this evidence was sufficient to support a conviction for sexual battery.

The defendant contends we should disregard the testimony of Dr. Graves, who was an intern, because the trial court erred in allowing her to testify as an expert witness. However, the propriety of allowing this testimony is not raised as a separate issue in this appeal. The defendant, nevertheless, maintains that if we disregard Dr. Graves' testimony, the evidence is insufficient to support the conviction. However, in addressing the sufficiency of the evidence, we must examine all evidence submitted at trial, including evidence which may later be determined to be inadmissible. Longstreet, 619 S.W.2d at 100-01. Furthermore, even if we disregard the testimony of Dr. Graves, we conclude the victim's testimony alone was sufficient to support the conviction for sexual battery. *See* State v. McKnight, 900 S.W.2d 36, 48 (Tenn. Crim. App. 1994) (noting that a conviction for rape may be based solely upon the victim's testimony). The defendant's argument is without merit.

We affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE