IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 19, 2003

## STATE OF TENNESSEE v. ROBERT LEE FOX

**Appeal from the Criminal Court for Hamilton County**
**No. 234538     Stephen M. Bevil, Judge**

---

**No. E2002-01585-CCA-R3-CD**
**June 10, 2003**

---

The Appellant, Robert Lee Fox, appeals the sentencing decision of the Hamilton County Criminal Court. Fox entered a Tennessee Rule of Criminal Procedure 11(e)(1)(B) "open" plea to conspiracy to commit first degree murder and was sentenced to twenty-two years in the Department of Correction. On appeal, Fox argues that the sentence is improper because (1) it is disparate to the sentence received by his co-defendant and (2) four enhancement factors were erroneously applied. After review, we find no error and affirm the decision of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Melanie R. Snipes, Chattanooga, Tennessee, for the Appellant, Robert Lee Fox.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Helena Walton Yarbrough, Assistant Attorney General; William H. Cox III, District Attorney General; and Christopher David Poole, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

Over a four-month period, the Appellant, his girlfriend, Mary Jean Cain, and her sons, Brandon and Benjamin Cain, conspired to murder Dean Cain, Sr., the ex-husband of Mary Jean and father of Brandon and Benjamin. The plot to murder Mr. Cain originated with Mary Jean, the motive being to collect a $460,000 life insurance policy upon the victim's death. Various attempts to murder the victim proved unsuccessful. The conspirators first attempted to boil tobacco down to its poisonous form and place it in the victim's tea. Because the tea was undrinkable, this attempt failed.

Next, the conspirators purchased a gun with the intent to shoot out the victim's tires and cause a fatal wreck; however, this attempt also failed. The group then decided to push the victim out of his fishing boat, knowing that he could not swim. This effort was abandoned after ten days because too many people were present. Finally, the conspirators decided to murder the victim in his home and later dump his body in the river. In furtherance of the conspiracy, an aluminum baseball bat, mask and gloves were purchased. Again, this plan went awry. After Brandon brutally beat his father with the bat, he left the house and announced to Benjamin that the victim was dead. Upon their return to dispose of the body, they found the elder Cain still breathing. The two men dragged the victim outside where he was left lying in a parking lot because they were unable to get him into the truck. The next day, the victim's virtually naked and bleeding body was discovered. Although Mr. Cain survived, he suffers from serious, permanent, and disabling injuries.

On October 25, 2000, a Hamilton County grand jury returned a two-count indictment charging the Appellant, Mary Jean Cain, and Brandon Cain[1] for attempted first degree murder and conspiracy to commit first degree murder. On November 9, 2001, the Appellant entered an "open" plea of guilty to conspiracy to commit first degree murder, and the attempted murder charge was dismissed. As part of his plea agreement, the Appellant agreed to testify against the co-defendant Mary Jean Cain; however, she later entered a guilty plea, and the Appellant's testimony became unnecessary.

At the March 4, 2002 sentencing hearing, the trial court, applying four enhancement and two mitigating factors, sentenced the Appellant to twenty-two years incarceration for his involvement in the conspiracy.

**Analysis**

On appeal, the Appellant asserts the impropriety of his sentence. When an accused challenges the length, range, or manner of sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments.

When conducting a *de novo* review of a sentence, this court must consider: (a) the evidence, if any, received at trial and the sentencing hearing; (b) the pre-sentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and characteristics of the criminal conduct involved; (e) any statutory mitigating or enhancement factors; (f) any statements that the Appellant made on his own behalf; and (g) the potential or lack of potential for rehabilitation

---

[1]At the time of this offense, Benjamin Cain was a juvenile and it appears from the record that Benjamin was charged as a juvenile.

or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; *Ashby*, 823 S.W.2d at 168. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield*, 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)).

If our review reflects that the trial court, following the statutory sentencing procedure, imposed a lawful sentence, after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Fletcher*, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). However, where the trial court fails to comply with statutory provisions of sentencing, appellate review is *de novo* without a presumption of correctness.

## A. Disparate Sentence

The Appellant contends that his twenty-two year sentence, as compared to that of Mary Jean Cain's twenty-year sentence, is "disparate" and "unfair."[2] Relying upon Tennessee Code Annotated § 40-35-102(2), he argues that our Sentencing Act encourages the elimination of disparate sentences to assure "fair and consistent treatment of all defendants." The Appellant misreads the statute. It is true that prior to the adoption of the Act, our general assembly expressed concern in the wide disparity of sentence terms across the state, which were being imposed on similarly situated offenders who were convicted of the same crimes. However, this concern was specifically addressed with the enactment of the Tennessee Criminal Sentencing Reform Act of 1989, effective November 1, 1989, which included as a central purpose, the elimination of unjustified disparity in sentencing. Tenn. Code Ann. § 40-35-102(2). This Act eliminated disparity by incorporating sentence ranges, enhancing and mitigating factors, sentencing presumptions, and other various sentencing principles. Thus, today, if the trial court, in arriving at its sentencing decision, properly considers the sentencing principles and relevant statutes, inherent within that decision is the fact that sentencing disparity is eliminated. Accordingly, appellate review of a sentence is not guided by whether the imposed sentence was "equitable" or "fair" but, rather, whether principles of sentencing and relevant statutes were properly applied in order to eliminate unjustified disparity in sentencing.

## B. Enhancement Factors

The Appellant contends that the trial court erroneously relied on four inappropriate enhancement factors in determining his sentence: (1) a previous history of criminal convictions; (2) the victim was treated with exceptional cruelty; (3) the personal injuries inflicted upon the victim

---

[2]Mrs. Cain's sentence, unlike the Appellant's sentence, was an agreed twenty-year sentence, established by the terms of the plea agreement.

were particularly great; and (4) use of a deadly weapon during the commission of the offense. Tenn. Code Ann. § 40-35-114 (2), (6), (7), and (10).[3]

The Appellant asserts that factor (2), a previous history of criminal convictions, should not have been applied because the State failed to put forth sufficient proof to establish its existence. Specifically, the Appellant argues that the State's failure to present certified copies of the prior judgments precludes reliance on those convictions to enhance his sentence. The trial court applied this factor based upon the pre-sentence report, which was entered into evidence, and contained reference to two prior offenses, one being an undefined felony and the other a misdemeanor theft charge. The Appellant entered no objection to the admission of this report and, indeed, the only argument presented by the Appellant at sentencing in regard to this factor was that the convictions were too remote in time, as they occurred in 1984 and 1991, to be used as enhancements.

We find the Appellant's argument clearly misplaced. Our law provides that the pre-sentence report, which includes a record of the defendant's prior convictions, be considered as evidence in arriving at the appropriate sentence. Tenn. Code Ann. § 40-35-210(b)(2). As the report was admitted without objection, we find that the convictions contained therein were properly utilized to enhance the Appellant's sentence under Tennessee Code Annotated § 40-35-114(2).

The Appellant also argues that factors (6), the victim was treated with exceptional cruelty, and (7), the personal injuries inflicted on the victim were particularly great, were improperly applied. He argues that both factors are elements of the crime of conspiracy to commit first degree murder and, in addition, the State failed to provide any proof to establish the existence of the factors.

We acknowledge that enhancement factors may not be applied if the factors are "themselves essential elements of the offense as charged in the indictment." Tenn. Code Ann. § 40-35-114. However, the Appellant's argument that these two factors represent elements of conspiracy to commit first degree murder is without merit. The offense of criminal conspiracy is defined as:

> two (2) or more people, each having the culpable mental state required for the offense which is the object of the conspiracy and each acting for the purpose of promoting or facilitating commission of an offense, agree that one (1) or more of them will engage in conduct which constitutes such offense.

Tenn. Code Ann. § 39-12-103. A conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. *Smith v. State*, 273 S.W.2d 143, 146 (Tenn.1954). Conspiracy is an attempt to commit an offense, since its object need not be attained. *State v. Long*, 800 S.W.2d 507, 509 (Tenn. Crim. App. 1990). Thus, while particularly great personal injuries would be an essential element in a first degree murder conviction, it is not an element of conspiracy to commit first degree murder. Likewise, factor (6), the victim was treated or allowed to be treated with

---

[3]We note that because of the 2002 renumbering of the enhancements factors under this section, the record refers to these factors as (1), (5), (6), and (9).

exceptional cruelty during the commission of the offense, is not an element of conspiracy to commit first degree murder. A reading of the statute defining conspiracy belies such an interpretation, as a defendant may be convicted of conspiracy without any proof that the defendant treated or allowed the victim to be treated with exceptional cruelty.

Additionally, the Appellant's contention that the State failed to prove these factors were applicable in this case is also without merit. Supporting the factor of exception cruelty, the trial court noted:

> [a]fter being hit, and by some of the testimony that he was still alive and he was alive when they dragged him outside after hitting him numerous times with a ball bat, according to Mr. Brandon Cain's testimony, ten times. . . .

The Appellant's own confession supports the fact that the victim was viciously attacked with a baseball bat, dragged outside, and left exposed to the elements. We find this more than sufficient proof of exceptional cruelty inflicted upon the victim.

The trial court based application of factor (7), the victim suffered particularly great injuries, in part, on a video tape of the victim, which is not included in the appellate record. However, after review of other portions of the record, we also conclude that the factor is applicable. The victim is no longer able to work or live alone as a result of the injuries inflicted upon him, clearly suggesting injuries of a particularly great magnitude. This conclusion is supported by the fact that in preparing the pre-sentence report, the investigator chose not to attempt to obtain a victim impact statement because of the victim's "extensive injuries."

The Appellant's final contention is that factor (11), use of a deadly weapon, was improperly used to enhance his sentence. The court, relying on the Appellant's confession, noted that:

> . . . they purchased the Glock 40, and I do find that that is an enhancement factor, because it was involved in the conspiracy, although not in that particular act, this particular act that caused the injury, the severe injury to Mr. Cain, Sr. So I will acknowledge it as an enhancement factor, but not give it as much weight, of course, as it would have been if it had been used in the particular incident.

The Appellant's contention is erroneous, as the factor properly applies to the case before us. The trial court relied on the purchase of the gun and the co-conspirators plans to use it to shoot out Mr. Cain's tires but gave the factor less weight, as the gun was not used in the incident which actually caused injury to the victim. The court recognized that, while the gun was not used to harm Mr. Cain, the gun was part of the conspiracy. We agree with the trial court. Conspiracy is a continuing course of conduct, which terminates when the objectives of the conspiracy are completed or the agreement is abandoned. Tenn. Code Ann. § 39-12-103(e)(1). In addition, the State is correct in their assertion that the factor would have also applied because a baseball bat, a deadly weapon, was purchased by the Appellant and wielded by Brandon Cain during the attack on Mr. Cain. Under the theory of a

conspiracy, the Appellant is responsible for his co-conspirators acts in furtherance of the conspiracy. *Randolph v. State*, 570 S.W.2d 869, 871 (Tenn. Crim. App. 1978). Under these circumstances, application of this factor was appropriate.

As a Range I offender, the sentencing range for conspiracy to commit first degree murder, a class A felony, is fifteen to twenty-five years. The trial court is required to begin its sentencing consideration at the midpoint of the range. Tenn. Code Ann. § 40-35-210(c). From this presumptive sentence, the trial court should enhance the sentence as appropriate considering applicable enhancement factor, and then reduce the sentence for any applicable mitigating factors. Tenn. Code Ann. § 40-35-210(e). Having found four applicable enhancing factors and two applicable mitigating factors, the court imposed a sentence of twenty-two years. We find the sentence is justified under the facts presented. Accordingly, the judgment of the Hamilton County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE