IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 19, 2012

**STATE OF TENNESSEE v. MARCUS TERRELL CHURCH**

**Appeal from the Criminal Court for Davidson County
No. 2009A583   J. Randall Wyatt, Jr., Judge**

**No. M2011-01770-CCA-R3-CD - Filed June 10, 2013**

JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached and most of the reasoning in the majority opinion. I do not believe, however, that this court's standard of review of hearsay in *State v. Gilley*, 297 S.W.3d 739 (Tenn. Crim. App. 2008), was "repudiated" or rejected by our supreme court in *Pylant v. State*, 263 S.W.3d 854, 871 n.26 (Tenn. 2008). In fact, the supreme court noted that the trial court's ruling was error under either standard of review. *Id.* This is certainly not a rejection of *Gilley*.

In *Pylant*, the supreme court stated that "questions concerning the admissibility of evidence rest within the sound discretion of the trial court" and that it would not interfere absent an abuse of discretion. *Id.* at 870. This long-standing standard of review predates the adoption of the Tennessee Rules of Evidence in 1990. *See, e.g.*, *State v. Gomez*, 367 S.W.3d 237, 243 (Tenn. 2012); *State v. Banks*, 564 S.W.2d 947, 949 (Tenn. 1978). Unquestionably, the starting point for the admission of evidence is its relevance. In this regard, the review for relevance and prejudice begins with the understanding that the trial court has the discretion to evaluate evidence and determine if it should be admitted. *See, e.g.*, *State v. DuBose*, 953 S.W.2d 649, 652 (Tenn. 1997).

On the other hand, the Rules of Evidence have changed how admissibility is considered in some areas. Once relevance is established, if the proposed evidence is hearsay and can only be admitted into evidence through an exception to the hearsay rule, that determination does not rely upon a court's discretion to be admitted. First, the preliminary or predicate facts are to be found by a preponderance of the evidence. *See State v. Stamper*, 863 S.W.2d 404, 406 (Tenn. 1993). Whether those facts constitute hearsay and an exception to the hearsay rule and, therefore, are admissible as evidence are questions of law that do not

fall within the discretion of the trial court. This analysis is in essence what this court provided in *Gilley*.

To me, the analysis in *Gilley* does not conflict with *Pylant* but is another step to be taken in determining admissibility relative to hearsay. As I stated, our supreme court in *Pylant* noted that the trial court erred under both standards. If *Gilley*'s analysis is wrong, the supreme court would not have used it.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE